IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL J. CONTRAGUERRO, JR.,

    Plaintiff,

v.                                    Civil Action No. 5:06CV150
                                                    (STAMP)

RICHARD E. HALL and
FIREWATER RESTORATION, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I. Background

The above-styled civil action arises out of a motor vehicle accident that occurred on December 23, 2004 between the plaintiff, Michael Contraguerro, and the defendant, Richard Hall. On October 26, 2006, the plaintiff filed a complaint in the Circuit Court of Ohio County, West Virginia alleging that Richard Hall, acting as an employee and agent of Firewater Restoration, Inc., negligently caused the accident and that the plaintiff suffered resulting physical and emotional injuries. The defendants removed the cause of action to this Court. The plaintiff then filed a motion to remand to which the defendants responded and the plaintiff replied.

II. Facts

The plaintiff alleges that on December 23, 2004, on a public highway known as West Virginia State Route 2 (a/k/a "River Road") in Wheeling, West Virginia, defendant Richard Hall, acting as an employee and agent of Firewater Restoration, Inc., negligently

drove his motor vehicle into the motor vehicle being operated by the plaintiff. The plaintiff asserts that Richard Hall was negligent in failing to maintain control of his vehicle, in failing to keep a proper lookout, and in failing to yield to the plaintiff's right of way. The plaintiff claims that as a direct and proximate result of the defendants' alleged negligence, he has suffered physical, emotional, and economic injuries.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### IV. Discussion

In his motion to remand, the plaintiff does not deny that diversity exists because he is a resident of West Virginia, defendant Richard Hall is a resident of Ohio, and defendant Firewater Restoration, Inc. is a Pennsylvania corporation with its

2

principal place of business located in Pennsylvania.  Rather, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs.  This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal.  <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  <u>Id.</u>

In this case, the plaintiff's complaint does not set forth a total monetary sum requested.  The defendants argue that the amount in controversy is in excess of the jurisdictional minimum because the plaintiff continues to seek medical treatment for headaches and back pain.  In his complaint, the plaintiff identifies the

following specific damages: $12,331.46 in past medical expenses and $4,635.00 in lost wages. Taken together, the plaintiff's specific monetary demands total only $16,966.46. While this amount is not dispositive of the value of this civil action because it does not include the cost of continued treatment for headaches and back pain, it does provide some indication as to the amount of damages involved, which at this time is shown to be far below the $75,000.00 jurisdictional minimum.

Additionally, the defendants argue that the settlement posture of this case supports their contention that the plaintiff's claim exceeds $75,000.00, exclusive of interests and costs. Although settlement offers are not determinative of the amount in controversy, they do count for something. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Prior to the filing of this civil action, the defendants offered $31,462.46 to settle the plaintiff's claim. The plaintiff rejected the sum and requested a settlement in the amount of $74,999.00. Contrary to the assertion of the defendants, the settlement offers in this case support the plaintiff's position. Although the plaintiff has demanded only $1.00 less than the jurisdictional amount of $75,000.00, the demand nonetheless does not meet or exceed the amount in controversy requirement. The fact that none of the settlement offers made in this case have been in excess of the jurisdictional minimum supports remand.

The defendants emphasize the fact that the plaintiff has refused to sign a stipulation that would provide for a total amount in controversy of no greater than $74,999.00.  However, the refusal to sign an agreement stipulating to the amount in controversy does not establish the requisite amount in controversy.  See Gramc v. Millar Elevator Co., 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998).

Finally, the plaintiff makes no bad faith allegations and no allegations of gross negligence or recklessness which might warrant a punitive damages award.  Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum.

Accordingly, this Court finds that the defendants have failed to establish that the plaintiff's claim exceeds the $75,000.00 jurisdictional minimum.  Therefore, the plaintiff's motion to remand must be granted.  Nothing prevents the defendants from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable.  28 U.S.C. § 1446(b).[1]

---

[1] Obviously, the case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action.  28 U.S.C. § 1446(b).

V. <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:    May 8, 2007

<pre>                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE</pre>